# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-0947

ALAN R. SWAIN, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 22, 2014[1]                                     Decided   January 8, 2015)

*Amy F. Odom* and *Christine M. Cote Hill*, with whom *Barton F. Stichman*, was on the briefs, all of Washington, D.C., for the appellant.

*Brandon A. Jonas*, and *Richard Mayerick*, Deputy Assistant General Counsel, with whom *Tammy L. Kennedy*, General Counsel; and *Mary Ann Flynn*, Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge,* and HAGEL and SCHOELEN, *Judges*.

KASOLD, *Chief Judge*: Veteran Alan R. Swain appeals through counsel a December 6, 2013, Board of Veterans' Appeals (Board) decision that denied a compensable disability rating prior to June 12, 2013, for his service-connected bilateral hearing loss. Mr. Swain argues that the Board incorrectly interpreted the requirement in 38 C.F.R. § 4.85(a) (2013) that an examination for hearing impairment "must include a controlled speech discrimination test (Maryland CNC)" to mean that the effective date of a claim for an increased disability rating could be no earlier than the date on which the veteran obtained the Maryland CNC test showing an increased disability rating was warranted. Because this issue has not yet been addressed in a precedential decision, a panel decision is warranted. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990); INTERNAL OPERATING

[1] Oral argument was held on October 22, 2014, at the George Washington University Law School in Washington, D.C. The Court extends its appreciation to the law school for its hospitality.

PROCEDURE (IOP) I(b)(2) and (4). For the reasons stated below, the Court will reverse the Board determination that Mr. Swain is not entitled to a compensable disability rating prior to June 12, 2013, and remand this matter for the Board to assign a 10% disability rating effective November 10, 2009.

## I. BACKGROUND AND FACTS

Mr. Swain served in the U.S. Army from March 1953 until March 1955. In May 1956, he was granted service connection for high tone deafness (later redesignated as bilateral hearing loss), and was given a noncompensable disability rating, effective the day after he was discharged from service. Mr. Swain filed for an increased disability rating in October 2007; however, a February 2008 VA audiometric examination that utilized the Maryland CNC test did not reveal a compensable hearing loss, and a March 2008 regional office (RO) decision continued Mr. Swain's noncompensable disability rating.

Mr. Swain appealed the 2008 RO decision, and obtained and submitted two private audiometric examinations to VA. A November 10, 2009, private audiometric examination diagnosed "normal precipitously sloping to profound" hearing loss (Record (R.) at 210), and a December 9, 2010, private audiometric examination diagnosed "mild to profound" hearing loss in his right ear, and "mild to severe" hearing loss in his left ear (R. at 196). Neither examination noted which test was used to obtain the results, and the data demonstrating Mr. Swain's hearing threshold level in decibels was presented in graphical format.

In April 2013, the Board remanded the hearing loss claim for, inter alia, a VA audiometric examination, and requested that the examiner interpret the 2009 and 2010 private audiometric test results in relation to the examiner's own results of Mr. Swain's hearing loss. A VA audiometric examination using the Maryland CNC test was conducted on June 12, 2013. The results reflect a "normal precipitously sloping to profound" hearing loss in both ears, and the examiner opined that these results were "consistent with" Mr. Swain's November 2009 and December 2010 audiometric test results. R. at 105. A June 2013 RO decision granted Mr. Swain a 10% disability rating for bilateral hearing loss, with an effective date of June 12, 2013, the date of the VA audiometric examination.

Mr. Swain appealed the effective date of this decision, and the Board remanded the decision to determine the type of hearing tests used in the 2009 and 2010 private audiometric examinations, and to have a VA examiner interpret the numeric results of the 2009 and 2010 examinations. The 2009 examiner responded that she had used the NU-6 Word List, and not the Maryland CNC test, but the 2010 examiner failed to respond to multiple VA inquiries. The 2013 VA examiner identified the numeric results obtained in the 2009 and 2010 examinations, which he opined were consistent with the 2013 examination results.

In the decision on appeal, the Board noted that disability ratings for hearing loss are required by regulation to be based on the results of a Maryland CNC test, and viewed the effective date of a rating to be tied to the date of the test. Thus, because the June 12, 2013, audiometric examination was the only favorable examination known to have used the Maryland CNC test, the Board assigned the date of that examination as the effective date for a 10% disability rating for Mr. Swain's hearing loss.

## II. THE PARTIES' ARGUMENTS

*Appellant*

Mr. Swain argues that reversal is required because the Board incorrectly interpreted the requirement for use of the Maryland CNC test contained in § 4.85(a) as a requirement for establishing the effective date of an increased disability rating as of the date of the test. Mr. Swain acknowledges that the Maryland CNC test is required to determine the disability rating, but he contends that the effective date should be set in accordance with "the facts found," and that the Secretary must consider "all of the evidence of record from the time of the veteran's application." Appellant's Brief (Br.) at 5 (quoting *Hart v. Mansfield*, 21 Vet.App. 505, 509 (2007) (internal quotation marks and citations omitted)).

More specifically, Mr. Swain does not contend that the 2009 and 2010 examinations alone were sufficient to support his application for increased benefits. Rather, he argues that the 2013 examiner's opinion that the 2009 and 2010 examinations were consistent with the 2013 examination

was sufficient to support a finding that the effective date of his compensable disability rating should be the date of the 2009 audiometric examination.[2]

In the alternative, Mr. Swain argues that remand is warranted because the Board failed to provide an adequate statement of reasons or bases for rejecting the medical examiner's retrospective opinion that the 2009 and 2010 audiometric test results were consistent with the 2013 audiometric test results, which warranted a 10% disability rating.

*Appellee*

The Secretary argues that the effective date for an increased rating claim for hearing loss is contingent upon the date that the veteran received a hearing loss examination that complies with § 4.85(a), which includes the requirement that a Maryland CNC test be utilized. The Secretary further argues that for disability ratings that require the use of a specific test, retrospective medical opinions are not for application because the examiner necessarily would have to speculate as to the level of past disability because the required, specific test cannot be conducted retroactively. Thus, the Secretary argues that *Chotta v. Peake*, 22 Vet.App. 80 (2008) (recognizing that a retrospective examination might permit an examiner to provide a retroactive diagnosis), and its progeny are not for application in the hearing disability context. Rather, he contends that the holding in *Chotta* is limited to claims for benefits for post-traumatic stress disorder (PTSD) and other disabilities in which the symptoms are readily observable and can be diagnosed retroactively. The Secretary further points out that the Court's language in *Chotta* referring to retrospective opinions is only permissive.

At oral argument, counsel for the Secretary stated that with an original claim for benefits for hearing loss, the date the claim was filed may be assigned as the effective date if the Maryland CNC test was conducted within a reasonable time after the claim was filed. In response to questions concerning why an increased rating claim would be treated any differently, counsel suggested that the effective dates for original claims and increased rating claims are controlled by different laws.

---

[2] Mr. Swain asks only for an effective date as of the November 2009 examination and no earlier. Furthermore, he does not contest the 10% disability rating.

## III. DISCUSSION

There is no dispute that § 4.85(a), in effect both at the time of the underlying Board decision and today, requires use of the Maryland CNC test to determine the degree of a veteran's hearing loss, unless the examiner certifies that use of the test is not appropriate – which is not an issue here. Rather, the issue is whether the requirement of § 4.85(a) that an examination for hearing impairment purposes "include a controlled speech discrimination test (Maryland CNC)" means that the effective date of a claim for an increased disability rating for hearing loss may not be earlier than the date on which the veteran obtained the Maryland CNC test showing an increased disability rating was warranted.

The "interpretation of a statute or regulation is a question of law," *Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003), and our review is performed de novo, *Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004). "Statutory [and regulatory] interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure." *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005); *see Sharp v. Shinseki*, 23 Vet.App. 267, 271 (2009); *see also McGee v. Peake*, 511 F.3d 1352, 1356 (Fed. Cir. 2008); *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988))), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir.1993), *aff'd*, 513 U.S. 115, 115 (1994). A fundamental canon of statutory construction is that the words of a statute are given "their 'ordinary, contemporary, common meaning,' absent an indication Congress intended them to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431 (2000) (quoting *Walters v. Metro. Ed. Enters., Inc.*, 519 U.S. 202, 207 (1997)); *see also Perrin v. United States*, 444 U.S. 37, 42 (1979) (stating that "unless otherwise defined, words [in a statute] will be interpreted as taking their ordinary, contemporary, common meaning") (citing *Burns v. Alcala*, 420 U.S. 575, 580-81 (1975)); *McGee*, 511 F.3d at 1356; *Trafter*, 26 Vet.App. at 284. The canons of statutory interpretation also apply to interpreting regulations. *Smith v. Brown*, 35 F.3d 1516, 1523 (Fed. Cir. 1994), *superseded by statute as stated in Samish Indian Nation v. United States*, 419 F.3d 1355 (Fed. Cir. 2005).

Title 38, section 4.85(a) of the Code of Federal Regulations provides:

An examination for hearing impairment for VA purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a puretone audiometry test.

38 C.F.R. § 4.85(a) (2014).

In the remaining subsections, § 4.85 defines how to determine the disability rating based on the percent of speech discrimination and puretone threshold average obtained during an audiometric examination. Significantly, the plain language of the regulation does not mention the effective date of disability ratings for hearing loss or otherwise indicate that the effective date for the assignment of benefits for hearing loss is tied to the date of a Maryland CNC examination. Therefore, based on the plain language of the regulation, 38 C.F.R. § 4.85 does not control the effective date of the appellant's claim.

Although the Secretary and the Board note that § 4.85(a) requires ratings for hearing loss to be based on a mechanical application of the rating schedule as held in *Lendenmann v. Principi*, 3 Vet.App. 345, 349 (1992) (addressing the requirement for a puetone audiometry test), both fail to appreciate that § 4.85(a) says nothing about an effective date, and nothing in *Lendenmann* suggests that the assignment of an effective date is based on a mechanical application of the rating schedule. Indeed, read in context, the *Lendenmann* statement regarding the "mechanical application" of the rating schedule refers to the assignment of disability ratings, and not the effective date. *Id*. Thus, neither the plain language of § 4.85(a) nor prior caselaw supports an interpretation that the effective date of a claim for benefits for hearing loss is controlled by § 4.85(a).[3]

In contrast, both 38 U.S.C. § 5110 and 38 C.F.R. § 3.400 (2014) explicitly address and govern the effective dates for disability compensation claims, including increased rating claims, and these provisions generally tie an effective date to the earliest date a disability or an increase in

---

[3] On September 8, 2014, after briefing in this case had concluded, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Young v. McDonald*, 766 F.3d 1348 (Fed. Cir. 2014). At oral argument, neither party was aware of the decision and, therefore, it could not be discussed. Neither party has since sought to file supplemental briefing on *Young's* applicability to this case. The Court considered *Young* and finds that it does not alter this decision.

disability is ascertainable or to the date the claim was received, whichever is later.[4]  Specifically, as to an increased rating claim, section 5110(b)(3) provides that "[t]he effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date."  *See also* 38 C.F.R. § 3.400(o)(2) (same).  Thus, we have held that an "effective date should not be assigned mechanically based on the date of a diagnosis.  Rather, all of the facts should be examined to determine the date that [the veteran's disability] first manifested."  *DeLisio v. Shinseki*, 25 Vet.App. 45, 58 (2011); *Hazan v. Gober*, 10 Vet.App. 511, 521 (1997) (noting that for increased ratings claims, section 5110(b)(2) requires VA to "review ***all the evidence of record***" (emphasis in original)).  Therefore, the effective date for an increased rating, indeed, as well as for an initial rating or for staged ratings, is predicated on when the increase in the level of hearing loss can be ascertained.  *See* 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (2014); *Fenderson v. West*, 12 Vet.App. 119, 126 (1999) (recognizing that "separate ratings can be assigned for separate periods of time based on facts found"); *see also Gaston v. Shinseki*, 605 F.3d 979, 983 (Fed. Cir. 2010) (noting that section 5110(b)(2) specifies that the "effective date of an increase 'shall be the earliest date' that the evidence shows 'an increase in disability had occurred'") (citing section 5110(b)(2)); *DeLisio*, *supra*.

Succinctly stated, the Secretary's contention that § 4.85(a) requires the effective date for an increased disability claim to be set in accordance with the date a Maryland CNC test is administered not only adds words to the regulation that are not there, but it also conflicts with the plain meaning of section 5110(b)(3), which requires the effective date of an award of increased compensation to be "the earliest date as of *which it is ascertainable* that an increase in disability had occurred."  38 U.S.C. § 5110(b)(3) (emphasis added).

---

[4]  Although counsel for the Secretary is correct in stating that the law governing the effective date for an increased rating claim differs from that governing the effective date for an initial claim, the only substantive difference is that the effective date for an increased rating may be up to one year earlier than the date of the claim, while the earliest effective date for an initial claim is the date the veteran left service if the claim is filed within one year of service, otherwise the effective date is the date of the claim.  For both initial claims and increased rating claims, the effective date can be no earlier than the date it was factually ascertainable that the veteran had a hearing disability or an increase in a hearing disability.  *Compare* 38 U.S.C. § 5110(b)(1) (tying effective date to day after separation from service if claim is filed within one year of such separation), *and* 38 C.F.R. § 3.400(b)(2) (2014) (same), *with* 38 U.S.C. § 5110(b) (tying effective date to date increase in disability can be ascertained if claim is filed within one year of that increase), *and* 38 C.F.R. § 3.400(o) (same).  *See also* 38 U.S.C. § 5110(a) (stating general rule that effective date is date of claim or fixed in accordance with facts found, whichever is later); 38 C.F.R. § 3.400 (same).

It is axiomatic that a regulation may not trump the plain language of a statute. *See Robbins v. Bentsen*, 41 F.3d 1195, 1198 (7th Cir. 1994). Thus, even if § 4.85(a) were read to require the effective date for an increased rating claim for hearing loss to be tied to the date of a Maryland CNC test without weighing other evidence in the record, the regulation could not stand. *See Kilpatrick v. Principi*, 16 Vet.App. 1, 7-8 (2002) (invalidating a regulation to the extent that such regulation conflicted with a statute). Here, however, § 4.85(a) is silent with regard to effective dates, and we need not, and will not, read it as in conflict with section 5110(b)(3). *See Robbins*, *supra* (refusing to read statute and regulation as in conflict where such reading is not necessary); *see also Smith v. Brown*, 35 F.3d 1516, 1526 (Fed. Cir. 1994) (citing *LaVallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 623 (3d Cir.1989), for the proposition that "regulations must be construed to avoid conflict with a statute if fairly possible"); *Passamaquoddy Tribe v. Maine*, 897 F. Supp. 632, 635 (D. Me. 1995) ("unequivocal language" of statute trumps general provisions that are silent on an issue).

In sum, we find no basis for the Secretary's contention that § 4.85(a) governs the effective date for hearing loss ratings or that the effective date for hearing loss for an increased rating claim can be no earlier than the date of a Maryland CNC test. As described above, unless otherwise specifically noted in the statute or regulation, section 5110 and § 3.400 govern the effective date for disability benefits claims.

Although a misapplication of law generally warrants remanding a matter for the Board to apply the correct law, remand is not required when the facts found by the Board support only one conclusion. *See Johnson v. Brown*, 9 Vet.App. 7, 10 (1996) (noting that "when the only permissible view of the evidence is contrary to that found by the [Board], reversal is the appropriate remedy"). This is the case here. The unrefuted record, as found by the Board, includes hearing test results from November 10, 2009, and December 9, 2010, that were determined by a medical examiner to reflect hearing loss consistent with the June 2013 Maryland CNC test results. The only reason the Board did not assign an effective date as of the November 10, 2009, audiometric test is because the Board thought it could assign an effective date only as of the date of a Maryland CNC test. The Board, as explained above, was wrong. The ascertained fact is that Mr. Swain had hearing loss as of November 10, 2009, consistent with the June 2013 Maryland CNC test results, and, inasmuch as that

is the effective date sought by Mr. Swain, we will reverse the Board decision and remand this matter for assignment of an effective date for a 10% disability rating as of November 10, 2009.[5]

## IV. CONCLUSION

Upon consideration of the foregoing, the Board's December 6, 2013, decision that Mr. Swain is not entitled to an effective date prior to June 12, 2013, is REVERSED, and this matter is REMANDED for the Board to assign a 10% disability rating effective November 10, 2009.

---

[5] Although both parties have referred to the 2013 examination report as a retrospective opinion, we note that the report contains a medical examiner's interpretation of contemporary reports from 2009 and 2010, and equates the test results reflected in those reports to the test results obtained during the 2013 examination. Otherwise stated, based on the previous medical evidence, the VA examiner was able to state an opinion establishing entitlement to a compensable disability rating. Therefore, the Secretary's attempt to distinguish this case from *Chotta, supra*, is baseless.