Citation Nr: 1722257 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-20 984 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to an initial compensable rating for bilateral hearing loss for the period prior to June 16, 2014.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

G. T. Raftery, Associate Counsel


INTRODUCTION

The Veteran served on active duty with the United States Navy from May 1960 to March 1964.
This matter comes to the Board of Veterans' Appeals (Board) from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in which the RO granted service connection for bilateral hearing loss.

In a May 2016 decision, the Board denied the Veteran's claim for an initial compensable rating for bilateral hearing loss prior to June 16, 2014. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In January 2017, the Court granted a Joint Motion for Remand that remanded the claim of entitlement to an initial compensable rating for bilateral hearing loss prior to June 16, 2014 to the Board.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a) (2) (West 2014).

The appeal is REMANDED to the AOJ for additional development. VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that he is entitled to an initial compensable rating for his service-connected bilateral hearing loss for the period prior to June 16, 2014, the date upon which his 40 percent rating was based. Specifically, he asserts that previously administered audiological examinations show a decrease in hearing acuity that predates the June 2014 effective date for his 40 percent rating.

The Veteran filed an initial claim for service connection for hearing loss in August 2012 and was afforded a VA examination in September 2012, during which he was found to have hearing loss sufficient to establish impaired hearing for VA purposes. In a September 2012 rating decision, the RO granted service connection and a noncompensable rating effective August 8, 2012. In May 2013, the Veteran obtained a private audiological examination that revealed worsening hearing loss. This was similarly reflected in a June 16, 2014 VA examination, which included a Maryland CNC word recognition test. Accordingly, the RO increased the Veteran's evaluation of bilateral hearing loss to 40 percent, effective June 16, 2014. In its May 2016 decision, the Board also did not consider the results of the May 2013 examination, on the basis that the examination did not include a Maryland CNC word recognition test in accordance with 38 C.F.R. § 4.85. 

In the January 2017 Joint Motion for a Partial Remand, the parties agreed that the Board erred when it failed to consider the results of the Veteran's May 2013 private audiological report. Specifically, the Board should have identified the date at which a worsening in his hearing loss was "factually ascertainable," even if the relevant test to assign a disability rating under 38 C.F.R. § 4.85 was not of record until a later date. Swain v. McDonald, 27 Vet. App. 219 (2015). The parties to the joint motion thus requested that the Board "reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in [the] case." Fletcher v. Derwinski, 1 Vet. App. 394, 397 (1991).

Consequently, the Board must remand the claim in order to obtain a VA medical opinion to address whether previously administered audiological examinations are consistent with the June 2014 examination results upon which his 40 percent rating was based. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006) (holding that the duty to ensure compliance with the Court's order extends to the terms of the agreement struck by the parties that forms the basis of the Joint Motion to Remand).

Accordingly, the case is REMANDED for the following actions:

1. Obtain a VA medical opinion addressing whether the September 2012 and/or the May 2013 audiological examination results are consistent with the June 2014 examination results (in which the Maryland CNC test was conducted) and determine, if possible, when it was factually ascertainable that the Veteran's hearing loss decreased to the level that was reflected in the June 2014 examination report. An examination is not required unless the examiner deems it necessary.

The examiner is requested to provide a complete rationale for any opinion. If the examiner is unable to provide the requested opinion without resort to speculation, he or she should so state; however, a complete rationale for such a finding must be provided.

In all conclusions, the examiner must identify and explain the medical basis or bases, with identification of the evidence of record.

2. Then, readjudicate the appeal. If the benefit remains denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response. Thereafter, return the appeal to the Board, as warranted.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
LANA K. JENG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).