Dissenting Opinion filed by Circuit Judge Newman.
Stoll, Circuit Judge.
*1355 Mr. Bennie Robinson, a veteran who served in Vietnam as a member of the United States Marine Corps, appeals the effective date of his disability rating for coronary artery disease. Mr. Robinson's effective date coincides with the date of his diagnostic testing results, but it took 14 months to schedule the tests. According to Mr. Robinson, he should be entitled to an earlier effective date because he did not cause the 14-month delay. Be-cause there was no legal error in determining the effective date, we affirm the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court").
I
Mr. Robinson served in the Marine Corps in the late 1960s, and his service included a deployment in Vietnam. After returning from deployment, he began to suffer heart problems. Mr. Robinson saw his Department of Veterans Affairs cardiologist, Dr. Ali Sadoughian, on February 23, 2006, for "evaluation of chest pain." J.A. 71. Dr. Sadoughian recommended that Mr. Robinson undergo diagnostic testing, but the testing was not performed. Nine months later, Mr. Robinson returned to Dr. Sadoughian after spending a week in the hospital with blood clots in his right leg. Dr. Sadoughian again recommended that Mr. Robinson schedule diagnostic testing "as planned in my previous consult." J.A. 69-70. Mr. Robinson finally received the prescribed diagnostic testing on April 2, 2007-5 months after his follow-up visit and 14 months after Dr. Sadoughian's initial recommendation. The record does not explain the cause of the delay, but the test results indicated that Mr. Robinson had "[c]oronary artery disease with prior inferior wall myocardial infarction." J.A. 67.
Mr. Robinson did not receive any disability benefits at that time for his coronary artery disease because he could not establish that it was service connected. That changed in August 2010 when the VA amended its regulations to add ischemic heart disease-including coronary artery disease-to its list of conditions that are presumptively service connected for veterans who were exposed to certain herbicides. 75 Fed. Reg. 53,202, 53,216 (Aug. 31, 2010) (amending 38 C.F.R. § 3.309(e) to add coronary artery disease to list of diseases associated with certain herbicide agents); see 38 C.F.R. § 3.309(e) (creating presumption of service connection for veterans with coronary artery disease who were exposed to certain herbicide agents).
Then, in 2011, the VA retroactively granted disability benefits to Mr. Robinson for his coronary artery disease pursuant to a Nehmer[1] review. See J.A. 38; J.A. 78-82. The VA assigned an initial disability rating of 10 percent from January 18, 2005 and a 60 percent disability rating from April 2, 2007-the date Mr. Robinson's diagnostic testing showed that he had coronary artery disease.
*1356 After Mr. Robinson filed a notice of disagreement, the VA issued a new rating decision. That decision awarded Mr. Robinson a 100 percent disability rating effective January 26, 2003 and a 10 percent disability rating from May 1, 2003 through April 1, 2007. The VA did not change the effective date for the 60 percent disability rating, however, and Mr. Robinson appealed that decision to the Board of Veterans' Appeals. The Board denied Mr. Robinson's claim because the April 2007 test results were the earliest medical evidence demonstrating that he satisfied the criteria for a 60 percent disability rating.
Mr. Robinson appealed the Board's decision to the Veterans Court. On appeal, Mr. Robinson argued for the first time that the effective date for his 60 percent disability rating should be the date Dr. Sadoughian ordered the diagnostic testing rather than the date on which the testing occurred. Although the cause of delay is not reflected in the record, Mr. Robinson asserted that he should not be penalized for the 14-month delay in scheduling his test, and that he would have received an earlier effective date for his 60 percent disability rating if the VA had provided him with prompt treatment. The Secretary asked the Veterans Court not to consider the argument because Mr. Robinson did not raise it before the Board. Instead, the Veterans Court "balance[ed] the competing interests" and "determine[d] that it [wa]s appropriate to remand this matter for the Board to address in the first instance." J.A. 39.
On remand, Mr. Robinson cited 38 C.F.R. § 17.33(a)(2) 's requirement that veterans receive "prompt and appropriate treatment" in arguing that his effective date should be the date on which Dr. Sadoughian ordered the testing. J.A. 27. The Board concluded that § 17.33 applies only to medical treatment and has "no bearing on the law or regulations governing effective date criteria." J.A. 30. Moreover, the Board could not identify any evidence in the record that would support an earlier effective date for Mr. Robinson's 60 percent disability rating. Accordingly, the Board denied Mr. Robinson's claim.
The Veterans Court affirmed the Board's decision. Applying 38 C.F.R. § 3.816, the Veterans Court explained that "the effective date of an award of disability compensation will be the date the claim is received by [the] VA or the date the disability arose, whichever is later." Robinson v. Shulkin , No. 16-0427, 2017 WL 1046285, at *1 (Vet. App. Mar. 20, 2017) (citing 38 C.F.R. § 3.816(c)(1), (c)(2) ) (" Veterans Court Opinion "). The Veterans Court agreed with the Board that "an effective date earlier than April 2007 was not warranted because '[t]he treatment records do not demonstrate that [Mr. Robinson] met the criteria for a 60[%] rating for coronary artery disease until ... testing was accomplished on April 2, 2007.' " Id. at *2 (alterations in original) (quoting J.A. 30). And even if § 17.33 imposed on the VA a requirement that veterans be treated in a timely manner, the Veterans Court detected no clear error in the Board's effective date determination because no medical evidence prior to April 2007 supported a 60 percent disability rating.
Mr. Robinson appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.
II
Our jurisdiction to review decisions of the Veterans Court is limited. Martin v. O'Rourke , 891 F.3d 1338, 1342 (Fed. Cir. 2018). We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as *1357 applied to the facts of a particular case." Id. § 7292(d)(2).
Mr. Robinson contends that he is entitled to an earlier effective date for his 60 percent disability rating for three interrelated reasons. First, Mr. Robinson asserts that his 60 percent disability rating is a staged or increased rating and therefore 38 C.F.R. § 3.816(c) does not apply. We do not find this argument compelling because the April 2, 2007 effective date for Mr. Robinson's 60 percent disability rating was part of his initial grant of benefits in March 2011. As the Secretary argues, "[t]his places his claim within the ambit of section 3.816(c)." Appellee Br. 13. Moreover, § 3.816 is titled "Awards under the Nehmer Court Orders for disability or death caused by a condition presumptively associated with herbicide exposure," and its express purpose is to "state[ ] effective-date rules required by orders of a United States district court in the class-action case of Nehmer ." 38 C.F.R. § 3.816(a). Mr. Robinson acknowledges that he is a Nehmer class member, see Appellant Br. 12, and so we see no reason why § 3.816(c) would not apply here.
The dissent likewise relies on the general effective date statute, 38 U.S.C. § 5110(b)(3) (implemented by 38 C.F.R. § 3.400(o)(2) ), which states that the "effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred." See Dissent at 1359. The dissent also cites Swain v. McDonald , 27 Vet.App. 219 (2015), and similar Veterans Court cases instructing that the effective date of hearing loss disability is predicated on when the increase in hearing loss can be ascertained-not on when the audiological test warranting the increase was performed. See Dissent at 1359-60, 1362-63. But the Veterans Court in Swain based its decision on 38 U.S.C. § 5110(b)(3) and 38 C.F.R. § 3.400(o)(2). Dissent at 1359-60. Those provisions do not apply here because 38 U.S.C. § 5110(g) provides that where, as here, benefits are "awarded or increased pursuant to any Act or administrative issue," the effective date of the benefits "shall not be earlier than the effective date of the Act or administrative issue." Thus, under § 5110(g), Mr. Robinson would not be able to obtain retroactive benefits with an effective date earlier than that of the regulation that made his condition compensable-August 31, 2010. In order to secure retroactivity here, Mr. Robinson had to rely on the special regulations applicable to Nehmer class members. The effective date for a Nehmer class member is determined by 38 C.F.R. § 3.816(c) and not by 38 U.S.C. § 5110(b)(3) or 38 C.F.R. § 3.400(o)(2). This interpretation is supported by 38 C.F.R. § 3.816(c)(4), which states that "[i]f the requirements of paragraph (c)(1) or (c)(2) of this section are not met, the effective date of the award shall be determined in accordance with §§ 3.114 and 3.400." Here, Mr. Robinson does not dispute that the requirements of paragraph (c)(2) are met. Thus, the provisions of 38 C.F.R. § 3.816(c)(2) apply.
Mr. Robinson next cites 38 C.F.R. § 17.33(a)(2) in arguing that the VA violated its obligation to provide veterans with prompt and appropriate treatment, and that this violation should have been considered by the Veterans Court in assigning his effective date. Had the VA complied with its obligation to provide prompt treatment, Mr. Robinson asserts that he would have been able to establish an earlier effective date for his 60 percent disability rating.
Our review of § 17.33 indicates that it was not intended to create rights that would impact the handling of compensation claims, and Mr. Robinson has not directed us to any evidence suggesting otherwise.
*1358 Section 17.33 is located in part 17 of chapter I of the VA's regulations, which governs the VA's administration of medical treatment. It lays out certain rights to which patients are entitled, including the right to be treated with dignity, id. § 17.33(a)(1), the right to execute legal instruments, id. § 17.33(a)(4)(ii), the right to refuse visitors, id. § 17.33(b)(1)(ii), and the right to social interaction with others, id. § 17.33(b)(5). The effective date of a claim for benefits, on the other hand, is controlled by part 3 of chapter I. Part 3 is entitled "Adjudication" and contains § 3.816, which establishes the effective date for Nehmer class members. The phrase "effective date" does not appear in § 17.33, and nothing else in the regulation's text suggests that it is linked to the effective date determination in § 3.816. Therefore, we agree with the Veterans Court that " § 17.33(a)(2) is not related to the effective date of an award of VA benefits." Veterans Court Opinion , 2017 WL 1046285, at *2.
Finally, Mr. Robinson faults the Veterans Court for not awarding equitable relief in the form of an earlier effective date. The Veterans Court had stated that "[a]lthough the Court is sympathetic to Mr. Robinson's plight and delays in the VA health system are concerning, the Court is not a court of equity." Id. Mr. Robinson contends that the Veterans Court erred in finding that it could not apply principles of equity. We have recognized that "the Veterans Court has authority to grant certain forms of non-substantive equitable relief required to enable the court to carry out its statutory grant of jurisdiction," but it "cannot invoke equity to expand the scope of its statutory jurisdiction." Burris v. Wilkie , 888 F.3d 1352, 1361 (Fed. Cir. 2018).
We agree with the Veterans Court that the facts of this case are troubling. The 14-month delay for coronary artery disease testing strikes us as excessive. But our court's jurisdiction generally is limited to reviewing legal errors, 38 U.S.C. § 7292(d)(1), and we cannot say that the Veterans Court committed legal error by not exercising its equitable powers to find an effective date earlier than April 2, 2007. Under the circumstances in this case, where we do not know what caused the testing delay and we do not know whether Mr. Robinson would have satisfied the requirements for the 60 percent disability rating had he received the testing at an earlier date, we see no such error in the Veterans Court's decision.
III
We have considered Mr. Robinson's remaining arguments and find them unpersuasive. No medical evidence in the record supports his entitlement to an effective date earlier than April 2, 2007. Although we are sympathetic to Mr. Robinson's plight, the Veterans Court did not err in its analysis. The judgment of the Veterans Court is affirmed.
AFFIRMED
COSTS
No costs.

In response to orders from the U.S. District Court for the Northern District of California in Nehmer v. U.S. Department of Veterans Affairs , the VA promulgated special rules for determining the effective date of claims for diseases that are presumed to be caused by exposure to Agent Orange. See Nehmer v. U.S. Veterans' Admin ., 712 F.Supp. 1404 (N.D. Cal. 1989) ; Nehmer v. U.S. Veterans' Admin. , 32 F.Supp.2d 1175 (N.D. Cal. 1999). A Nehmer class member is a Vietnam veteran who has a "covered herbicide disease." 38 C.F.R. § 3.816(b)(1)(i). A "covered herbicide disease," in turn, is "a disease for which the Secretary of Veterans Affairs has established a presumption of service connection pursuant to the Agent Orange Act of 1991 ... as provided in § 3.309(e)." Id. § 3.816(b)(2). As discussed above, coronary artery disease was added to the list of covered diseases in August 2010.