﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190911-31084
DATE: October 31, 2019

ORDER

Entitlement to an effective date of September 19, 2017, for the award of entitlement to total disability based on individual unemployability (TDIU) is granted.

FINDING OF FACT

Within one year from the Veteran’s May 24, 2018, application for TDIU, it factually was ascertainable that the Veteran could not secure or follow a substantially gainful occupation.

CONCLUSION OF LAW

The criteria for entitlement to an effective date of September 19, 2017, for the award of entitlement to TDIU have been met. 38 U.S.C. § 5110(b)(3); 38 C.F.R. § 3.400(o)(2).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1965 to November 1967.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada. On his September 2019 Notice of Disagreement (NOD), the Veteran selected the direct-review method of appeal. Thus, only the evidence available to the RO at the time of its decision, and no other, will be consider. See 38 C.F.R. §§ 20.202(b)(1), (c)(1), 20.301.

In the September 2019 NOD, the Veteran’s attorney argues that the correct effective date for the award of TDIU should be March 19, 2015, the date of a prior application. In support of this argument, the attorney states that the

effective date of an award is to be fixed in accordance with the facts found. 38 U.S.C. § 5110(a); 338 C.F.R. § 3.400(a). “In an original claim for benefits, the date the evidence submitted or received is irrelevant when considering the effective date of an award.” McGrath v. Gober, 14 Vet. App. 28, 35 (2000). The effective date for a claim is the “earliest date a disability or an increase in disability is ascertainable or . . . the date the claim was received, whichever is later.” Swain v. McDonald, 27 Vet. App. 219, 224 (2015). Thus, “an effective date should not be assigned mechanically based on the date of a diagnosis. Rather, all of the facts should be examined to determine the date that [the disability] first manifested.” DeLisio v. Shinseki, 25 Vet. App. 45, 58 (2011).

TDIU is a form of increased rating claim, and, therefore, the effective date rules for increased compensation claims apply. Hurd v. West, 13 Vet. App. 449 (2000); Norris v. West, 12 Vet. App. 413, 420 (1999). The effective date of an award for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110(b)(3); 38 C.F.R. § 3.400(o)(2).

The instant application for TDIU was received on May 24, 2018, and the Veteran was awarded entitlement effective that date. Thus, the Board must assess whether the evidence, looking back no further than May 24, 2017, shows that he was unable to secure or follow a substantially gainful occupation.

On his May 2018 application for TDIU (VA Form 21-8940), the Veteran listed as causes for his unemployability his diabetes and bilateral cataracts in both eyes. The Veteran reports working, from January 1, 2010, to November 1, 2015, as a self-employed limousine driver with the latter date being the last day he worked full time; however, a previous, March 2015 application for TDIU lists that the Veteran worked from September 2004 to March 2015 doing transportation work for himself. The applications indicate that the Veteran completed one year of college and has special training in truck driving.

VA medical center (VAMC) records from September 19, 2017, indicate that the Veteran was experiencing increased blurred vision even after having undergone cataracts surgery.

In a February 2018 VA psychological examination for the Veteran’s PTSD, the examiner stated, under the “Relevant Occupational and Educational history,” that, since the Veteran’s last evaluation, he was working as a driver for Uber/Lyft, but that he has discontinued such jobs after an unsuccessful cataract surgery. The noted symptoms during the examination were suicidal ideation, chronic sleep impairment, and depressed mood. The examiner characterized the Veteran’s psychiatric disorder as social and occupation impairment with reduced reliability and productivity.

February 2018 VA examinations for the Veteran’s service-connected bilateral-lower-extremity neuropathy, right-knee condition, and erectile dysfunction, all were described as not impacting his ability to work.

An April 2018 VA examination for the Veteran’s service-connected bilateral-eye condition indicated that the Veteran’s “fluctuating blur due to his dry eye, both eyes makes it difficult to drive and see in the dark.” A subsequent July 2018 VA examination for the Veteran’s eyes also stated that he has a decreased ability to drive safely due to his blurred vision at all times.

Based on the medical evidence of record, the Board find that it factually was ascertainable, within the year prior to his May 2018 application for TDIU, that the Veteran was unable to secure or follow a substantially gainful occupation. As the VAMC records suggest, the Veteran was experiencing blurred vision in September 2017. The subsequent eye examinations in February and April of 2018 indicate that the Veteran’s ability to drive heavily was impacted due to his blurred vision. In the May 2018 application for TDIU, the Veteran specifically listed as reasons for unemployability his bilateral-eye condition and that he stopped working (in this case driving) in November 2015. It is axiomatic that an individual who suffers from blurred vision would be rendered unemployable in the field of driving. The record discloses that, for the last fifteen years, the Veteran’s employment solely has been in the driving industry. Based on the Veteran’s decreasing ability to see due to his service-connected eye condition, the Board finds that the Veteran is entitled to an effective date of September 19, 2017, for the award of entitlement to TDIU. See 38 U.S.C. § 5110(b)(3); 38 C.F.R. § 3.400(o)(2).

Contrary to the Veteran’s attorney’s argument, an effective date of March 19, 2015, is not permitted. The Veteran’s original claim for TDIU was denied in an April 2016 rating decision. The Veteran specifically chose not to appeal that determination. Thus, it is final and binding. See 38 U.S.C. § 7105(c); 38 C.F.R. §§ 20.203, 20.1103. To the extent the Veteran’s attorney argues that the final April 2016 rating decision was erroneous, a claim for clear and unmistakable error (CUE) in that decision must be plead to, and considered by, the RO in the first instance. No CUE claim with respect to the April 2016 rating decision has been filed or otherwise considered by the RO. In the absence of CUE, the finality of the April 2016 rating decision may not be abrogated. 

The Board agrees with the attorney’s citation to DeLisio v. Shinseki, 25 Vet. App. 45, 58 (2011) for the proposition that effective dates must be assigned after a review of all the evidence is conducted to determine the date the disability manifested. This review, however, is bound by the limitations of finality discussed above and in the provisions of 38 U.S.C. § 5110(b)(2)(A) and 38 C.F.R. § 3.400(o)(2). The law is clear: For a claim for increased compensation, the effective date is the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. Within the year prior to the Veteran’s May 24, 2018, the earliest documentation of blurred vision is the September 19, 2017, VAMC note. Thus, that is the earliest effective date to which he is entitled.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Trevor T. Bernard, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.