[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  18-11040
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-22567-KMM,
1:13-cr-20207-KMM-2

TRAVARIS CRAWFORD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 26, 2020)

Before WILSON, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Travaris Crawford appeals the District Court's denial of his 28 U.S.C.

§ 2255 motion to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) and the

corresponding sentence.  The District Court held that Crawford's argument that

§ 924(c)(3) is unconstitutionally vague was foreclosed by our decision in *Ovalles*.[1]

We reject that argument and affirm the District Court's judgment on alternative

grounds.

## I.

In 2013, Crawford pled guilty to three counts of Hobbs Act robbery, in

violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm in

furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  Section

924(c) provides for a mandatory consecutive sentence for any defendant who uses

or carries a firearm during and in relation to, or possesses a firearm in furtherance

of, either a "crime of violence" or a "drug trafficking crime."  18 U.S.C. §

924(c)(1)(A).

> The statute defines a "crime of violence" as a felony offense that
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).  We refer to § 924(c)(3)(A) as the elements clause and

§ 924(c)(3)(B) as the residual clause.

---

[1] *Ovalles v. United States*, 861 F.3d 1257, 1263–67 (11th Cir. 2017), *vacated on reh'g en banc*, 905 F.3d 1356 (2018).

2

In 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that a similar residual clause in the Armed Career Criminal Act of 1984 is unconstitutionally vague.  Crawford then filed a § 2255 motion to vacate.  He argued that, in light of *Johnson*, § 924(c)'s residual clause is unconstitutionally vague.  He also argued that his conviction for substantive Hobbs Act robbery did not qualify as a crime of violence under the elements clause because it could be accomplished without physical force.

The District Court denied Crawford's motion.  Specifically, it held that Crawford's argument about the residual clause was "squarely foreclosed by the Eleventh Circuit's decision in *Ovalles*."  Because the felony qualified under the residual clause, the District Court concluded that it "need not address [Crawford's] second argument – that Hobbs Act robbery does not qualify as a crime of violence under the [elements] clause."

In 2018, we granted Crawford a certificate of appealability ("COA") on one issue only:

> Whether the Supreme Court's decision in *Sessions v. Dimaya*, No. 15-1498, manuscript op. at 24-25 (Apr. 17, 2018), undermines this Court's holding in *Ovalles v. United States*, 86[1] F.3d 1258, 1263-67 (11th Cir. 2017), that the [residual] clause in 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague.

That issue has since been decided by the Supreme Court.  In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause,

3

§ 924(c)(3)(B), is unconstitutionally vague.  *Davis* thus abrogated our decision in *Ovalles*.

Crawford subsequently filed his opening brief with us, answering the question in the COA in the affirmative and requesting remand to the District Court. The government moved for summary affirmance, contending that Crawford's substantive Hobbs Acts offense qualifies as a crime of violence under the elements clause and that this Court can summarily affirm the District Court on any basis supported by the record.  Crawford objects that this issue is outside the COA and that the District Court did not address this issue.  We directed the parties to file supplemental letter briefs on whether the COA should be expanded and on the merits issue.  We now affirm.

## II.

The COA is a jurisdictional prerequisite: an appeal cannot be taken to this Court without it.  28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . ."); *Gonzalez v. Thaler*, 565 U.S. 134, 142, 132 S. Ct. 641, 649 (2012).  A judge can issue a COA only if the applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The COA must also specify which issue or issues satisfy that showing.  *Id.* § 2253(c)(3).  But while

"failure to obtain a COA is jurisdictional," "a COA's failure to indicate an issue is not." *Gonzalez*, 565 U.S. at 143, 132 S. Ct. at 649.

Although the specification requirement is not jurisdictional, we are still bound by the clear text enacted by Congress. *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). We cannot act in contradiction to the statutory requirements. *Id.* As such, we have repeatedly held that "the scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA." *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011); *see also Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). Normally, this limitation means that we disregard arguments raised by an appellant that are outside the issues specified in the COA. *See, e.g.*, *Hodges v. Att'y Gen.*, 506 F.3d 1337, 1341 (11th Cir. 2007); *Murray*, 145 F.3d at 1251.

Here, however, the government requests that we consider—and summarily affirm—on an issue not specified in the COA. The government points to the Supreme Court's decision *Jennings v. Stephens*, 574 U.S. 271, 135 S. Ct. 793, 796 (2015), arguing that we can affirm on any basis supported by the record.

In *Jennings*, the Supreme Court considered whether a petitioner-appellee could defend his writ of habeas corpus on a theory that the District Court had rejected without taking a cross-appeal or obtaining a COA. 574 U.S. at 271, 135 S. Ct. at 796. The Court determined that the gate-keeping function of a COA applies

5

only when "tak[ing] an appeal"; it does not apply when defending a judgment on alternative grounds. *Id.* at 802.  Therefore, no COA is required for the government to defend the district court's judgment on alternative grounds.[2]  Because the government seeks only to affirm the judgment of the District Court below, we can consider arguments in defense of that judgment.[3]

## II.

Satisfied that we can consider the issue, we turn now to whether Crawford's Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause. We review *de novo* whether an offense qualifies as a "crime of violence." *Brown*, 942 F.3d at 1072.

We use a categorical approach to assess whether an offense constitutes a "crime of violence" under the elements clause. *Id.* (citing *United States v. St.*

---

[2] We have followed this practice in unpublished decisions. *See, e.g.*, *Williams v. United States*, 785 F. App'x 710, 712 (11th Cir. 2019); *Caison v. Sec'y, Dep't of Corr.*, 766 F. App'x 870, 874 n.1 (11th Cir. 2019).

[3] We asked the parties to brief the effect of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), on our ability to affirm on a ground that the District Court did not decide.  *Clisby* held that a district court must resolve all claims for relief in a habeas motion, regardless of whether relief is granted or denied.  960 F.2d at 935–36, 938; *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending *Clisby* to § 2255 motions).  We cannot consider a claim that a district court has not resolved in the first instance and instead, "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby,* 960 F.2d at 938.  A claim is "any allegation of a constitutional violation." *Id.* at 936. Here, however, Crawford has only one claim—that his conviction for Hobbs Act Robbery does not qualify as a crime of violence under § 924(c).  We can consider other arguments in defense of the judgment on that claim.

*Hubert*, 909 F.3d 335, 348–49 (11th Cir. 2018)).  "[W]e look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force." *Id.*  We assume that the conviction rests upon the least of the acts criminalized, and then determine whether those acts qualify as a crime of violence.  *Moncrieffe v. Holder*, 569 U.S. 184, 191, 133 S. Ct. 1678, 1684 (2013).  The specific circumstances of the actual offense are irrelevant; the "inquiry begins and ends with the elements of the crime."  *Brown*, 942 F.3d at 1075.

We have repeatedly held—and Crawford concedes—that substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A).  *See St. Hubert*, 909 F.3d at 348; *In Re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016).  Therefore, the government's motion for summary affirmance is granted.

AFFIRMED.