﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210303-139870
DATE: April 30, 2021

ORDER

An effective date earlier than July 19, 2017, for the award of service connection for posttraumatic stress disorder (PTSD) and major depressive disorder (MDD) is denied. 

REMANDED

Entitlement to an initial rating of in excess of 30 percent for PTSD and MDD prior to December 29, 2020.

A total disability rating based on individual unemployability due to service-connected disability (TDIU).

 

FINDING OF FACT

Service connection for PTSD was awarded effective July 19, 2017, the date on which the Veteran filed his claim.

CONCLUSION OF LAW

The criteria for an effective date earlier than July 19, 2017, for the award of service connection for PTSD, have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.400. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1963 to August 1966. 

The case is on appeal from December 2020 and January 2021 rating decisions. The rating decisions on appeal constitute initial decisions; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In his March 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

In a January 2021 rating decision, the RO increased the Veteran’s rating to 100 percent effective December 29, 2020. This is the maximum award assignable for that disability, so the appeal is moot from that date. Prior to that date, the maximum benefit has not been awarded. Hence, the January 2021 rating decision did not resolve the appeal. 

The issue of entitlement to a TDIU has been raised as a component of the increased initial rating claim on appeal. Thus, it is presently in appellate status before the Board. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

An effective date earlier than July 19, 2017, for the award of service connection for PTSD and MDD. 

The Veteran contends an earlier effective date for the award of service connection for his PTSD claim should be granted. See March 2021 Decision Review Request: Board Appeal (Notice of Disagreement).

Legal Criteria

Generally, the effective date of an original award of direct service connection is the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise, the effective date is the date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C. § 5110(b); 38 C.F.R. § 3.400 (b)(2)(i). 

Analysis

In this case, an earlier effective date is not assignable. 

The Veteran’s original claim of service connection for PTSD was received on July 9, 2017, which is the current effective date. There are no indications of an earlier claim for PTSD. Furthermore, the claim was not within one year of separation from service. Therefore, by law, no earlier effective date is possible, and an earlier effective date for the award of service connection for PTSD is not warranted. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

The Board is unable to assign an effective date earlier than July 9, 2017, for the award of service connection. The law requires that the effective date be the date of claim or the date entitlement arose, whichever is later. Because the later of these two dates in this case is the date the Veteran filed his claim on July 9, 2017, there is no legal basis to assign an effective date earlier than that date. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. Consequently, an earlier effective date is not warranted, and the appeal is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

REASONS FOR REMAND

1. Entitlement to an initial rating of in excess of 30 percent for PTSD and MDD prior to December 29, 2020. 

This issue is remanded to obtain outstanding private (non-VA) treatment records. 

The Veteran is seeking a higher initial rating for PTSD. The appeal period now before the Board begins July 9, 2017, which is when service connection went into effect for this condition. See Fenderson v. West, 12 Vet. App. 119 (1999). This disability has been assigned a 30 percent rating prior to December 29, 2020, and a 100 percent rating beginning from that date. 

The 100 percent disability rating was assigned from December 29, 2020. That was determined to be the date of claim. As explained herein above, the appeal actually arises from the initial award of service connection in the December 2020 rating decision. Hence, the question on appeal is whether a disability rating in excess of 30 percent may be assigned prior to December 29, 2020. This includes the question of whether the 100 percent disability level was factually ascertainable prior to December 29, 2020. See Swain v. McDonald, 27 Vet. App. 219, 224 (2015). 

To answer this question, there are missing private treatment records that are needed. Specifically, the available medical records show that the Veteran suffered a self-inflicted laceration would to the neck on February 4, 2019. According to his VA medical records, he was admitted to a trauma ward, spent multiple weeks in the psychiatric clinic, and received ongoing treatment through at UCLA. 

Remand is needed to obtain these records and correct this duty to assist error that occurred prior to the rating decision on appeal. 

2. TDIU

The Veteran has indicated that he stopped working in connection with his psychiatric symptomatology. This reasonably raises a TDIU claim. At present, the Veteran has not completed a VA Form 21-8940 Veteran’s Application for Increased Compensation Based on Unemployability, and the record does not otherwise include all the information contained in the form. Remand is needed to correct this duty to assist error. 

The matters are REMANDED for the following action:

1. Ask the Veteran to complete a VA Form 21-4142 for all private (non-VA) providers or facilities who may have additional medical records, including UCLA. 

Make two requests for any authorized records unless it is clear after the first request that a second request would be futile.

2. If he wishes to pursue a TDIU claim, ask the Veteran to complete and return a VA Form 21-8940 Veteran’s Application for Increased Compensation Based on Unemployability.

 

Corey Bosely

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.L. Thomas

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.