# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-2890

TIMOTHY J. DOLBIN, PETITIONER,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before TOTH, FALVEY, and JAQUITH, *Judges*.

## O R D E R

TOTH, *Judge*, filed the opinion of the Court.

Air Force veteran Timothy Dolbin petitions the Court for a writ of mandamus directing the Board to return his appeal to its original position on the Board's docket and promptly issue a decision on his claims for VA disability compensation for degenerative disc disease, right leg numbness, hemochromatosis, hypertension, bilateral hearing loss, tinnitus, Menier's syndrome, anxiety, depression, sinusitis, and GERD.

After a 2017 Board remand, VA offered Mr. Dolbin an opportunity to participate in the Rapid Appeals Modernization Program (RAMP). In April 2018, he opted into RAMP, choosing to have his claims processed in the "supplemental claim lane." Petitioner's App'x at 192. The opt-in form explained that RAMP was a voluntary program and that, by opting in, the claimant would withdraw his current appeals and "proceed under the new process" outlined in the Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA). *Id*. Thereafter, VA issued decisions on all of the above-mentioned claims in a February 6, 2019, rating decision. Mr. Dolbin appealed and the Board informed him that his appeal was docketed in January 2020.

Mr. Dolbin claims that, after the Board's remand, he was entitled under 38 C.F.R. § 20.902(a) and 38 U.S.C. § 5109B to have his appeal moved forward on the Board's docket to its original position. He also filed a motion to advance his appeal before the Board. The Board denied his motion, finding that he did not meet the criteria for advancement set out in 38 U.S.C. § 7107(a). Under VAIMA, appeals in RAMP are docketed in the order that they are received on a dedicated docket. Pub. L. No. 115-55, § 4(b)(3)(B)(i)(II), 131 Stat. 1105, 1121.

This case is not, as the Secretary claims, governed by 38 C.F.R. §§ 3.2400, 19.1, 20.4, or 20.800(a)(1), because none of these regulations became effective until 2019. Instead, Congress itself provided the rules governing the Board's docketing system under VAIMA. The Act makes clear that RAMP operates independently of the existing "legacy" appeals system. Pub. L. No. 115-

55, § 4(b)(1), 131 Stat. at 1120 ("The Secretary of Veterans Affairs may, under subsection (a)(1), carry out a program to provide the option of an alternative appeals process").

The Act also clearly sets out a first-come, first-served docketing system for RAMP appeals. Section 4(b)(3)(B) requires the Board to "maintain fully developed appeals on a separate docket than standard appeals" and to "decide fully developed appeals in the order that the fully developed appeals are received on the fully developed appeal docket." *Id*. § 4(b)(3)(B)(i)(I)-(II), 131 Stat. at 1121.

Further, the RAMP opt-in form Mr. Dolbin completed states that "by completing this form, I elect to participate in RAMP . . . and have my eligible appeals proceed under the new process described in the [VAIMA]." Petitioner's App'x at 192. Contrary to his argument, the veteran was fully aware that he agreed to have his claims processed under the VAIMA system and, by the time he opted-in to RAMP, VAIMA had existed for nearly 8 months. And, section 4 of the Act explicitly empowered the Secretary to operate RAMP before the effective date of the entire modernized system. § 4(b)(4)(A).

Moreover, there is no indication that the Board has unduly delayed processing Mr. Dolbin's appeal. His case was docketed in the order received and currently awaits adjudication by the Board. While section 5109B requires the Secretary to ensure that previously remanded claims are processed expeditiously, it does not require the Board to allow a claimant to jump the line— especially when Congress has already expressed an unequivocal intention for VAIMA appeals to be processed in the order received.

The petitioner also filed a motion for class certification. He requested that the Court certify a class consisting of "claimants with active appeals that have been adjudicated by the Board of Veterans' Appeals in the Legacy appeals system and returned to the Board in the VAIMA system but have not been returned to their original places on the docket or been afforded expeditious treatment by the Board." Petitioner's Request for Class Certification and Class Action, at 2. After considering the requirements for class action in U.S. VET. APP. R. 22, 23, and given the disposition of Mr. Dolbin's petition, the Court does not believe class certification is appropriate.

In *Monk v. Wilkie*, 30 Vet.App. 167, 174 (2018) this Court held that it had the authority to certify class actions and that it would use Rule 23 of the Federal Rules of Civil Procedure as a guide for determining whether to grant a motion for class certification. Rule 23(c)(1) establishes that a court should rule on class certification as soon as "practicable," which provides the Court discretion to determine the best time to rule on the motion. In *Bell Atlantic v. Twombly*, 550 U.S. 544, 557-58 (2007), the Supreme Court explained that, before ordering class certification, courts should scrutinize the pleadings to ensure that a viable claim has been presented to limit unnecessary expenditures by the parties and the court. For this reason, a court can rule on the merits of a case before reaching the class question if the circumstances so warrant.

Further, if the theory of relief that the putative class representative proceeds under fails as a matter of law, the Court can deny the class certification as moot because the claim of any other putative class member would fail for the exact same reason. An oft-cited case describes the effect that an adverse judgment on the merits presents to a class certification motion in this way:

2

Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, . . . disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative. They could not here because the ground on which the district court threw out the plaintiff's claims would apply equally to any other member of the class. After granting the defendant's motion for summary judgment, therefore, and since (as was predictable, given the district judge's ground) no one stepped forward to pick up the spear dropped by the named plaintiffs, the judge denied the motion for class certification.

*Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995) (internal citations omitted).

The Supreme Court endorsed this view when it dismissed on the merits a putative class action antitrust suit in *Twombly*. 550 U.S. at 548. The Court explained that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief" courts should be able to dismiss the complaint before imposing costs, such as discovery or class certification, on the parties. *Id*. at 558-59. Further, there is nothing in *Twombly* to suggest that its holding is limited to civil cases and should not apply equally to class actions in an administrative context.

Here, just as in *Cowen*, Mr. Dolbin's petition is being dismissed on grounds applicable to any potential class member. VAIMA clearly established the Board's first-come first-served docketing system for RAMP appeals, which applies to every member of the putative class. Because the Board's docketing procedure for RAMP appeals was prescribed by Congress, petitioner's argument that § 20.902 controls fails as a matter of law. *See Swain v. McDonald*, 27 Vet.App. 219, 224 (2015) ("It is axiomatic that a regulation may not trump the plain language of a statute."). Having resolved the legal question, we dismiss as moot his class certification motion.

In summary, § 20.902(a) does not apply to RAMP appeals and the veteran has failed to establish that the Secretary unduly delayed in processing his appeal. Because Mr. Dolbin's petition is being denied on grounds that would apply to any member of the putative class, his request for class certification and class action must be dismissed.

Accordingly,

The April 30, 2021, petition for a writ in the nature of mandamus is DENIED. The petitioner's May 17, 2021, motion for class action is DISMISSED as moot.

DATED: August 26, 2021

Copies to:

Adam R. Luck, Esq.

VA General Counsel (027)

3