NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7041

HERSCHEL L. COLLINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

William F. Fox, Purcell & Fox, LLP, of Washington, DC, for claimant-appellant.

Elizabeth A. Holt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  On the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, Todd M. Hughes, Deputy Director, and Dawn S. Conrad, Trial Attorney.  Of counsel was Marla T. Conneely, Trial Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7041

HERSCHEL L. COLLINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 05-3203, Judge Bruce E. Kasold.

_____

DECIDED: February 11, 2009

_____

Before NEWMAN, and LOURIE, <u>Circuit Judges</u>, and ALSUP,[*] <u>District Judge</u>.

PER CURIAM.

Herschel L. Collins is a disabled veteran with a rating of total disability due to individual unemployability (TDIU). He appeals the decision of the United States Court of Appeals for Veterans Claims (the Veterans Court), which upheld the decision of the Board of Veterans' Appeals (Board) denying his claim for an earlier effective date of the TDIU

_____

[*] William H. Alsup, United States District Court for the Northern District of California, sitting by designation.

rating.[1] We _affirm_ the decision of the Veterans Court.

## BACKGROUND

Mr. Collins served on active duty from April 1975 to May 1976. During this service, he sustained an injury to his back. He filed a claim for benefits in May 1976, and the claim was granted in November 1976 with a disability rating of 10%. In November 1991, following reopening of the claim, Mr. Collins' disability rating was increased to 20%. On March 3, 1997 the rating was increased to 40%. On March 11, 1997 Mr. Collins filed a claim for increased compensation based on unemployability, and also filed a Notice of Disagreement with the March 3, 1997 decision. On August 6, 1997 the Regional Office denied TDIU benefits, but on December 12, 1997 the Regional Office increased the disability rating from 40% to 60%, with the effective date of November 21, 1996. Mr. Collins appealed to the Board and the Board granted an earlier effective date of June 13, 1996 for the 60% disability rating.

In January 1998 Mr. Collins filed a new claim seeking TDIU rating. In May 1998 the claim was denied by the Regional Office; Mr. Collins did not appeal the denial to the Board. On October 1, 1998, Mr. Collins filed another claim for TDIU, stating that he became unemployable in June 1996. He submitted two letters from his private physician, Dr. John O'Brien, who stated that Mr. Collins' treatment is symptomatic, that the 60% disability rating is appropriate, and that Mr. Collins cannot be employed in construction, the field in which he had worked. In February 1999 the Regional Office denied this TDIU claim and concluded that the back injury did not prevent Mr. Collins from gainful employment. In May

---

[1]   Collins v. Nicholson, No. 05-3203, 2007 U.S. App. Vet. Claims LEXIS 1235 (Vet. App. Aug. 6, 2007).

2000 the Regional Office reaffirmed its decision.

However, on April 24, 2001 the Regional Office granted Mr. Collins' TDIU claim, based on a routine VA examination conducted on January 24, 2001. The Regional Office held that the effective date for Mr. Collins' TDIU is January 24, 2001, the date of the VA examination, explaining that "an earlier effective date is not warranted since there is no objective evidence on record that shows the veteran was significantly disabled due to his service-connected back condition prior to the examination conducted on 1-24-01." Mr. Collins filed a Notice of Disagreement, requesting an earlier effective date. The Board denied an earlier effective date, stating that "there is no evidence received subsequent to May 1998 from which it is ascertainable that prior to January 24, 2001 the veteran was unemployable due to service-connected disabilities alone."

Mr. Collins appealed to the Veterans Court. The court held that "[t]he Board's finding that the earliest evidence of unemployability was January 24, 2001, is not clearly erroneous." The court also pointed out that the 1997 and 1998 Regional Office decisions rejecting Mr. Collins' TDIU claims were not appealed, and thus can not support an earlier effective date. This appeal followed.

## DISCUSSION

Our review of rulings of the Veterans Court is limited by statute. We may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. §7292(d)(2). We must affirm a decision of the Veterans Court unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. §7292(d)(1)(A).

A

Mr. Collins presents three arguments in support of his appeal. First, he argues that the Veterans Court improperly conflated two distinct provisions of 38 U.S.C. §5110. Subsection (a) of §5110 provides that the earliest effective date is the date of filing the application for the claim. Subsection (b), however, provides that the claim can be effective retroactively to the date of occurrence of the injury or an increase in disability, provided that the claim is filed within a year of such injury or increase in disability. Mr. Collins states that the Veterans Court's conclusion that "the earliest evidence of unemployability was January 24, 2001," ignores that he filed several TDIU claims prior to January 24, 2001. He states that on the basis of those earlier claims he should receive an earlier effective date for TDIU, pursuant to §5110(b).

Section 5110(b) refers to the date of exacerbation of the injury. The Veterans Court determined that the only evidence of total unemployability was the medical examination of January 24, 2001. Evaluation of evidence, and factual conclusions drawn from evidence, are factual determinations that we are without authority to revisit. See 38 U.S.C. §7292(d)(2). Although it may be logical to assume that the date of an injury precedes the date it is verified by a physician, the finding that there was not evidence of total disability before that date is a finding of fact and is not reviewable by this court.

B

Next, Mr. Collins argues that the Veterans Court violated 38 U.S.C. §7261 because the court did not elaborate on its finding that the 1997 and 1998 Regional Office denials of Mr. Collins' TDIU claims were not appealed.

Section 7261(a)(1) of Title 38 requires that "the Court of Appeals for Veterans Claims to the extent necessary to its decision and when presented, shall -- decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." Mr. Collins states that by failing to explain its holding that the 1997 and 1998 denials of Mr. Collins' TDIU claims were final, the Veterans Court violated §7261. However, the question of whether the 1997 and 1998 decisions were final is not necessary to the outcome of the case. It does not matter whether the 1997 and 1998 claims remained open or were final, for the claims are not, in and of themselves, evidence of total disability. Thus the presence or absence of discussion would not change the result. Further, "[i]t is well established that a litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a full and written opinion on every issue raised." Berklau v. Principi, 291 F.3d 795, 801 (Fed. Cir. 2002)(internal quotations omitted). We discern no error in the Veterans Court's treatment of this issue.

C

Finally, according to Mr. Collins, in determining the effective date of his TDIU rating, the Veterans Court disregarded evidence that was part of his previous TDIU claims and only looked at the evidence that was included in the latest claim. Mr. Collins argues that such treatment violates the Veterans Court's precedential decisions in Hazan v. Gober, 10 Vet. App. 511 (1997), and Dalton v. Nicholson, 21 Vet. App. 23 (2007). Hazan required that the Board review "all the evidence of record (not just evidence not previously considered) as to the disability in order to 'ascertain[]' the 'earliest' possible effective date."

10 Vet. App. at 518.  <u>Dalton</u> held that when a veteran seeks TDIU benefits as a result of a past injury, the Board should apply Section 5110(b).

With respect to <u>Hazan</u>, Mr. Collins has not pointed to any evidence of record that the Board or Veterans Court did not consider; nor is this factual aspect reviewable by appeal to the Federal Circuit.  Similarly, the conclusion does not contravene the rule in <u>Dalton</u>, for the reasons stated <u>ante</u> in connection with our discussion of Section 5110(b).

CONCLUSION

The decision of the Court of Appeals for Veterans Claims is affirmed.

Each party shall bear its costs.