# United States Court of Appeals for the Federal Circuit

---

**BENNIE C. ROBINSON,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1968

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-427, Chief Judge Robert N. Davis.

---

Decided: October 4, 2018

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by VIRGINIA A. GIRARD-BRADY, JAMIE MARIE ATWOOD, ABS Legal Advocates, P.A., Lawrence, KS.

MICHAEL ANTHONY RODRIGUEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Represented by MELISSA BAKER, CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; BRIAN D.

GRIFFIN, CHRISTOPHER O. ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* STOLL.

Dissenting Opinion filed by *Circuit Judge* NEWMAN.

STOLL, *Circuit Judge*.

Mr. Bennie Robinson, a veteran who served in Vietnam as a member of the United States Marine Corps, appeals the effective date of his disability rating for coronary artery disease. Mr. Robinson's effective date coincides with the date of his diagnostic testing results, but it took 14 months to schedule the tests. According to Mr. Robinson, he should be entitled to an earlier effective date because he did not cause the 14-month delay. Because there was no legal error in determining the effective date, we affirm the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court").

I

Mr. Robinson served in the Marine Corps in the late 1960s, and his service included a deployment in Vietnam. After returning from deployment, he began to suffer heart problems. Mr. Robinson saw his Department of Veterans Affairs cardiologist, Dr. Ali Sadoughian, on February 23, 2006, for "evaluation of chest pain." J.A. 71. Dr. Sadoughian recommended that Mr. Robinson undergo diagnostic testing, but the testing was not performed. Nine months later, Mr. Robinson returned to Dr. Sadoughian after spending a week in the hospital with blood clots in his right leg. Dr. Sadoughian again recommended that Mr. Robinson schedule diagnostic testing "as planned in my previous consult." J.A. 69–70. Mr. Robinson finally received the prescribed diagnostic

testing on April 2, 2007—5 months after his follow-up visit and 14 months after Dr. Sadoughian's initial recommendation. The record does not explain the cause of the delay, but the test results indicated that Mr. Robinson had "[c]oronary artery disease with prior inferior wall myocardial infarction." J.A. 67.

Mr. Robinson did not receive any disability benefits at that time for his coronary artery disease because he could not establish that it was service connected. That changed in August 2010 when the VA amended its regulations to add ischemic heart disease—including coronary artery disease—to its list of conditions that are presumptively service connected for veterans who were exposed to certain herbicides. 75 Fed. Reg. 53,202, 53,216 (Aug. 31, 2010) (amending 38 C.F.R. § 3.309(e) to add coronary artery disease to list of diseases associated with certain herbicide agents); *see* 38 C.F.R. § 3.309(e) (creating presumption of service connection for veterans with coronary artery disease who were exposed to certain herbicide agents).

Then, in 2011, the VA retroactively granted disability benefits to Mr. Robinson for his coronary artery disease pursuant to a *Nehmer*[1] review. *See* J.A. 38; J.A. 78–82.

---

[1] In response to orders from the U.S. District Court for the Northern District of California in *Nehmer v. U.S. Department of Veterans Affairs*, the VA promulgated special rules for determining the effective date of claims for diseases that are presumed to be caused by exposure to Agent Orange. *See Nehmer v. U.S. Veterans' Admin.*, 712 F. Supp. 1404 (N.D. Cal. 1989); *Nehmer v. U.S. Veterans' Admin.*, 32 F. Supp. 2d 1175 (N.D. Cal. 1999). A *Nehmer* class member is a Vietnam veteran who has a "covered herbicide disease." 38 C.F.R. § 3.816(b)(1)(i). A "covered herbicide disease," in turn, is "a disease for

The VA assigned an initial disability rating of 10 percent from January 18, 2005 and a 60 percent disability rating from April 2, 2007—the date Mr. Robinson's diagnostic testing showed that he had coronary artery disease.

After Mr. Robinson filed a notice of disagreement, the VA issued a new rating decision. That decision awarded Mr. Robinson a 100 percent disability rating effective January 26, 2003 and a 10 percent disability rating from May 1, 2003 through April 1, 2007. The VA did not change the effective date for the 60 percent disability rating, however, and Mr. Robinson appealed that decision to the Board of Veterans' Appeals. The Board denied Mr. Robinson's claim because the April 2007 test results were the earliest medical evidence demonstrating that he satisfied the criteria for a 60 percent disability rating.

Mr. Robinson appealed the Board's decision to the Veterans Court. On appeal, Mr. Robinson argued for the first time that the effective date for his 60 percent disability rating should be the date Dr. Sadoughian ordered the diagnostic testing rather than the date on which the testing occurred. Although the cause of delay is not reflected in the record, Mr. Robinson asserted that he should not be penalized for the 14-month delay in scheduling his test, and that he would have received an earlier effective date for his 60 percent disability rating if the VA had provided him with prompt treatment. The Secretary asked the Veterans Court not to consider the argument because Mr. Robinson did not raise it before the Board. Instead, the Veterans Court "balance[ed] the competing

which the Secretary of Veterans Affairs has established a presumption of service connection pursuant to the Agent Orange Act of 1991 . . . as provided in § 3.309(e)." *Id.* § 3.816(b)(2). As discussed above, coronary artery disease was added to the list of covered diseases in August 2010.

interests" and "determine[d] that it [wa]s appropriate to remand this matter for the Board to address in the first instance." J.A. 39.

On remand, Mr. Robinson cited 38 C.F.R. § 17.33(a)(2)'s requirement that veterans receive "prompt and appropriate treatment" in arguing that his effective date should be the date on which Dr. Sadoughian ordered the testing. J.A. 27. The Board concluded that § 17.33 applies only to medical treatment and has "no bearing on the law or regulations governing effective date criteria." J.A. 30. Moreover, the Board could not identify any evidence in the record that would support an earlier effective date for Mr. Robinson's 60 percent disability rating. Accordingly, the Board denied Mr. Robinson's claim.

The Veterans Court affirmed the Board's decision. Applying 38 C.F.R. § 3.816, the Veterans Court explained that "the effective date of an award of disability compensation will be the date the claim is received by [the] VA or the date the disability arose, whichever is later." *Robinson v. Shulkin*, No. 16-0427, 2017 WL 1046285, at *1 (Vet. App. Mar. 20, 2017) (citing 38 C.F.R. § 3.816(c)(1), (c)(2)) ("*Veterans Court Opinion*"). The Veterans Court agreed with the Board that "an effective date earlier than April 2007 was not warranted because '[t]he treatment records do not demonstrate that [Mr. Robinson] met the criteria for a 60[%] rating for coronary artery disease until . . . testing was accomplished on April 2, 2007.'" *Id.* at *2 (alterations in original) (quoting J.A. 30). And even if § 17.33 imposed on the VA a requirement that veterans be treated in a timely manner, the Veterans Court detected no clear error in the Board's effective date determination because no medical evidence prior to April 2007 supported a 60 percent disability rating.

Mr. Robinson appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II

Our jurisdiction to review decisions of the Veterans Court is limited. *Martin v. O'Rourke*, 891 F.3d 1338, 1342 (Fed. Cir. 2018). We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Robinson contends that he is entitled to an earlier effective date for his 60 percent disability rating for three interrelated reasons. First, Mr. Robinson asserts that his 60 percent disability rating is a staged or increased rating and therefore 38 C.F.R. § 3.816(c) does not apply. We do not find this argument compelling because the April 2, 2007 effective date for Mr. Robinson's 60 percent disability rating was part of his initial grant of benefits in March 2011. As the Secretary argues, "[t]his places his claim within the ambit of section 3.816(c)." Appellee Br. 13. Moreover, § 3.816 is titled "Awards under the Nehmer Court Orders for disability or death caused by a condition presumptively associated with herbicide exposure," and its express purpose is to "state[] effective-date rules required by orders of a United States district court in the class-action case of *Nehmer*." 38 C.F.R. § 3.816(a). Mr. Robinson acknowledges that he is a *Nehmer* class member, *see* Appellant Br. 12, and so we see no reason why § 3.816(c) would not apply here.

The dissent likewise relies on the general effective date statute, 38 U.S.C. § 5110(b)(3) (implemented by 38 C.F.R. § 3.400(o)(2)), which states that the "effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred." *See* Dissent at 3. The dissent also cites *Swain v. McDonald*, 27 Vet. App. 219

(2015), and similar Veterans Court cases instructing that the effective date of hearing loss disability is predicated on when the increase in hearing loss can be ascertained— not on when the audiological test warranting the increase was performed. *See* Dissent at 3–4, 8–9. But the Veterans Court in *Swain* based its decision on 38 U.S.C. § 5110(b)(3) and 38 C.F.R. § 3.400(o)(2). Dissent at 3–4. Those provisions do not apply here because 38 U.S.C. § 5110(g) provides that where, as here, benefits are "awarded or increased pursuant to any Act or administrative issue," the effective date of the benefits "shall not be earlier than the effective date of the Act or administrative issue." Thus, under § 5110(g), Mr. Robinson would not be able to obtain retroactive benefits with an effective date earlier than that of the regulation that made his condition compensable—August 31, 2010. In order to secure retroactivity here, Mr. Robinson had to rely on the special regulations applicable to *Nehmer* class members. The effective date for a *Nehmer* class member is determined by 38 C.F.R. § 3.816(c) and not by 38 U.S.C. § 5110(b)(3) or 38 C.F.R. § 3.400(o)(2). This interpretation is supported by 38 C.F.R. § 3.816(c)(4), which states that "[i]f the requirements of paragraph (c)(1) or (c)(2) of this section are not met, the effective date of the award shall be determined in accordance with §§ 3.114 and 3.400." Here, Mr. Robinson does not dispute that the requirements of paragraph (c)(2) are met. Thus, the provisions of 38 C.F.R. § 3.816(c)(2) apply.

Mr. Robinson next cites 38 C.F.R. § 17.33(a)(2) in arguing that the VA violated its obligation to provide veterans with prompt and appropriate treatment, and that this violation should have been considered by the Veterans Court in assigning his effective date. Had the VA complied with its obligation to provide prompt treatment, Mr. Robinson asserts that he would have been able to establish an earlier effective date for his 60 percent disability rating.

Our review of § 17.33 indicates that it was not intended to create rights that would impact the handling of compensation claims, and Mr. Robinson has not directed us to any evidence suggesting otherwise. Section 17.33 is located in part 17 of chapter I of the VA's regulations, which governs the VA's administration of medical treatment. It lays out certain rights to which patients are entitled, including the right to be treated with dignity, *id.* § 17.33(a)(1), the right to execute legal instruments, *id.* § 17.33(a)(4)(ii), the right to refuse visitors, *id.* § 17.33(b)(1)(ii), and the right to social interaction with others, *id.* § 17.33(b)(5). The effective date of a claim for benefits, on the other hand, is controlled by part 3 of chapter I. Part 3 is entitled "Adjudication" and contains § 3.816, which establishes the effective date for *Nehmer* class members. The phrase "effective date" does not appear in § 17.33, and nothing else in the regulation's text suggests that it is linked to the effective date determination in § 3.816. Therefore, we agree with the Veterans Court that "§ 17.33(a)(2) is not related to the effective date of an award of VA benefits." *Veterans Court Opinion*, 2017 WL 1046285, at *2.

Finally, Mr. Robinson faults the Veterans Court for not awarding equitable relief in the form of an earlier effective date. The Veterans Court had stated that "[a]lthough the Court is sympathetic to Mr. Robinson's plight and delays in the VA health system are concerning, the Court is not a court of equity." *Id.* Mr. Robinson contends that the Veterans Court erred in finding that it could not apply principles of equity. We have recognized that "the Veterans Court has authority to grant certain forms of non-substantive equitable relief required to enable the court to carry out its statutory grant of jurisdiction," but it "cannot invoke equity to *expand* the scope of its statutory jurisdiction." *Burris v. Wilkie*, 888 F.3d 1352, 1361 (Fed. Cir. 2018).

We agree with the Veterans Court that the facts of this case are troubling. The 14-month delay for coronary artery disease testing strikes us as excessive. But our court's jurisdiction generally is limited to reviewing legal errors, 38 U.S.C. § 7292(d)(1), and we cannot say that the Veterans Court committed legal error by not exercising its equitable powers to find an effective date earlier than April 2, 2007. Under the circumstances in this case, where we do not know what caused the testing delay and we do not know whether Mr. Robinson would have satisfied the requirements for the 60 percent disability rating had he received the testing at an earlier date, we see no such error in the Veterans Court's decision.

### III

We have considered Mr. Robinson's remaining arguments and find them unpersuasive. No medical evidence in the record supports his entitlement to an effective date earlier than April 2, 2007. Although we are sympathetic to Mr. Robinson's plight, the Veterans Court did not err in its analysis. The judgment of the Veterans Court is affirmed.

**AFFIRMED**

COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

---

**BENNIE C. ROBINSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1968

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-427, Chief Judge Robert N. Davis.

---

NEWMAN, *Circuit Judge*, dissenting.

Mr. Robinson, a veteran of the war in Vietnam, experienced heart problems including a heart attack in 2003. By regulation adopted in August 2010, coronary and other diseases were deemed service-connected for veterans who, like Mr. Robinson, had been exposed to Agent Orange in Vietnam:

> 38 C.F.R. § 3.309(e) (Disease associated with exposure to certain herbicide agents)
>
> If a veteran was exposed to an herbicide agent during active military, naval, or air service, the following diseases shall be service-connected . . . .

> Ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery . . . .

Mr. Robinson then sought the statutory compensation for his cardiac condition.

After various proceedings not here relevant, the VA assigned Mr. Robinson an initial effective date of January 26, 2003, the date of Mr. Robinson's heart attack, with 100 percent disability rating for the period between January 26, 2003 and May 1, 2003. The VA then assigned a 10 percent disability rating between May 1, 2003 and April 1, 2007, followed by a 60 percent disability rating starting on April 2, 2007, the date of a cardiac test that a VA cardiologist had first ordered 14 months earlier. The issue on appeal is the start date of the 60 percent rating, in view of the 14-month test delay.

Mr. Robinson states that he should not be prejudiced by the VA's inordinate delay in performing this test, and that the effective date of the 60 percent rating should be the date the test was first ordered, or a reasonable period thereafter. The Secretary responds that the regulation requires that the rating runs from the date the test was performed, and offers no explanation for the 14-month delay. The regulation states:

> 38 C.F.R. § 3.400(o)(2). (Disability compensation)
>
> Earliest date as of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred if a complete claim or intent to file a claim is received within 1 year from such date, otherwise, date of receipt of claim. When medical records indicate an increase in a disability, receipt of such medical records may be used to establish effective date(s) for retroac-

tive benefits based on facts found of an increase in a disability only if a complete claim or intent to file a claim for an increase is received within 1 year of the date of the report of examination, hospitalization, or medical treatment. The provisions of this paragraph apply only when such reports relate to examination or treatment of a disability for which service-connection has previously been established.

My colleagues hold that Mr. Robinson's increase in compensation should be limited to the date of testing, because there is no evidence of the extent of disability during the 14-month period of delay in testing.

The court and the VA have incorrectly constricted the regulation, beyond its purpose and beyond the intent of the veterans' statutes. Mr. Robinson's cardiac health history and the results of this belated medical test demonstrate cardiac illness of several years, in ready conformity with the VA's statutory obligation to assign the earliest ascertainable effective date. From my colleagues' contrary ruling, I respectfully dissent.

## DISCUSSION

The VA is required to determine the effective date of compensation "in accordance with the facts found." 38 U.S.C. § 5110(a). The effective date "shall be the earliest date as of which it is ascertainable that an increase in disability had occurred," *id.* § 5110(b)(3). The regulation, cited ante, refers to "medical records," but does not erase the obligation to present a reasonable analysis of the veteran's disability.

The Court of Veterans Appeals has considered 38 U.S.C. § 5110(b)(3) and 38 C.F.R. § 3.400(o)(2), *Swain v. McDonald*, 27 Vet. App. 219 (2015), and held that the effective date is, by statute, the "earliest" date the disabil-

ity is "ascertainable," not the date a particular test was administered:

> [T]he Secretary's contention that § 4.85(a) requires the effective date for an increased disability claim to be set in accordance with the date a Maryland CNC test is administered not only adds words to the regulation that are not there, but it also conflicts with the plain meaning of section 5110(b)(3), which requires the effective date of an award of increased compensation to be 'the earliest date as of *which it is ascertainable* that an increase in disability had occurred.'

*Id.* at 224 (emphasis in original); *see also id.* ("Therefore, the effective date for an increased rating, indeed, as well as for an initial rating or for staged ratings, is predicated on when the increase in the level of hearing loss can be ascertained.") (citing 38 U.S.C. § 5110 and 38 C.F.R. § 3.400). The present case reflects similar principles, for Mr. Robinson's heart attack is direct evidence of cardiac illness long before the 14-month delayed test of ejection fraction.

The panel majority disagrees with any relevance of 38 U.S.C. § 5110 and 38 C.F.R. § 3.400 because Mr. Robinson is a *Nehmer* class member whose effective date should be determined by 38 C.F.R. § 3.816(c). *See* Maj. Op. at 6–7. Respectfully, the majority misunderstands the "effective date" determination that is the subject of this appeal. Mr. Robinson has not appealed the effective date of January 26, 2003, which is the date he sought treatment for a myocardial infarction. In the words of the Board, "[t]his effective date was awarded under the *Nehmer* case and 38 C.F.R. § 3.816(c)(2)." Bd. Op. at 7 (J.A.19). Instead, Mr. Robinson has appealed the effective date for an increase in compensation based on a 60 percent disability rating. *See* Robinson Br. at 4. Determining the effective date for such increase in compensation is governed by 38 U.S.C.

§ 5110 and 38 C.F.R. § 3.400(o)(2). The applicability of this statute and regulation is undisputed. *See* Secretary Br. at 9 ("Broadly speaking, section 3.816(c) concerns the available effective date a veteran may be assigned under *Nehmer* . . . . This section, however, does not address the rating that must be assigned for the periods while service connection is in effect, nor does it govern the procedures to address a veteran's claim for increased compensation, which can be found at 38 U.S.C. § 5110 and 38 C.F.R. § 3.400(o)(2)."); Robinson Br. at 8 ("Once an award of benefits for a *Nehmer*-related condition is established and the original effective date is determined, 38 C.F.R. § 3.816(c) ceases to become applicable. If a staged rating is subsequently assigned, the effective date for any increased rating is subject to the provisions of 38 U.S.C. § 5110(b)(3) and 38 C.F.R. § 3.400(o)(2).") (emphasis omitted); Bd. Op. at 17 (J.A.29) (citing 38 U.S.C. § 5110(b)(2) and 38 C.F.R. § 3.400(o)(2) as providing "the proper effective date for increased rating claims"); *Robinson v. Shulkin*, No. 16-0427, 2017 WL 1046285, at *2 (Vet. App. Mar. 20, 2017) (citing 38 U.S.C. § 5110(a) as a basis to deny an earlier effective date for the 60 percent disability rating) ("Vet. Ct. Op.").

Section 3.816(c) sets forth the earliest effective date for disability compensation resulting from a covered herbicide disease. Its subsections (1–4) are directed to the timing of the claim and the earliest starting date for disability compensation. This regulation does not speak to determining the effective date for increased compensation resulting from a veteran's worsening covered herbicide disease once service connection under *Nehmer* is established. That is the role of § 3.400(o).

The panel majority argues that Mr. Robinson "had to rely on the special regulations applicable to *Nehmer* class members" and no other statutes or regulations are applicable. Maj. Op. at 7. Yet no "special regulation" absolves the VA for the 14-month delay in testing Mr. Robinson.

No "special regulation" mandates that the effective date is the date of testing and not the earliest ascertainable date that an increase has occurred. The panel majority's "special regulation," 38 C.F.R. § 3.816(c)(2), is silent on these issues. On the other hand, § 3.400(o) expressly addresses the effective date for an increase in disability compensation and defines it as the earliest ascertainable date. And it is this date—assigned by the Board pursuant to § 3.400(o)—that is the subject of this appeal.

Per the majority's interpretation of § 3.816(c)(2), *Nehmer* class veterans suffering from a covered herbicide disease, nearly all of which are chronic (*see* 38 U.S.C. § 1116), have no legal basis for an increase in compensation for a worsening condition. Such an interpretation is unconscionable, legally incorrect, and inconsistent with the majority's recognition that Mr. Robinson is entitled to an increase in compensation based on the test results.[1]

38 C.F.R. § 17.33(a)(2) imposes a duty on the VA to provide "prompt and appropriate treatment" to veterans:

> (2) Patients have a right to receive, to the extent of eligibility therefor under the law, prompt and appropriate treatment for any physical or emotional disability.

When the VA fails in the duty of promptness, the consequences of such failure cannot be imposed on the veteran.

---

[1]    The panel majority writes that the Veterans Court "cannot invoke equity to expand the scope of its statutory authority." Maj. Op. at 8. No statute, no constitutional requirement, excludes equity from the scope of the Court of Appeals for Veterans Claims. Here, equitable principles are sought not to "expand the scope" of the court's jurisdiction, but to implement the statute in accordance with its legislative purpose.

To summarize: Mr. Robinson consulted a VA cardiologist on February 23, 2006, and the cardiologist ordered certain tests. The tests were not performed. Mr. Robinson again consulted the VA cardiologist on November 27, 2006, and the tests were again ordered. The tests were performed on April 2, 2007, showing an ejection fraction of 44%. The VA measured the 60% disability rating from the date of this test:

> 38 C.F.R. § 4.104 [Rating of 60%]: More than one episode of acute congestive heart failure in the past year, or; workload of greater than 3 METs but not greater than 5 METs results in dyspnea, fatigue, angina, dizziness, or syncope, or; left ventricular dysfunction with an ejection fraction of 30 to 50 percent.

The BVA stated that "[t]he treatment records do not demonstrate that [Mr. Robinson] met the criteria for a 60 percent rating for coronary artery disease . . . until . . . testing was accomplished on April 2, 2007." J.A.30. The Veterans Court affirmed, stating that Mr. Robinson "does not demonstrate clear error in the Board's decision because he does not identify any medical record prior to the April 2007 testing that would support a 60% disability rating." Vet. Ct. Op. at *2. Mr. Robinson states that he should not be penalized for the VA's 14-month delay in providing the ordered tests.

The BVA, the Veterans Court, and now my colleagues, ignore the requirement of measuring disability compensation from the earliest ascertainable date based on all the evidence. The record includes the earlier heart attack showing an existing cardiac condition and the consultations with the VA cardiologist. The panel majority states that "we do not know whether Mr. Robinson would have satisfied the requirements for the 60 percent disability rating had he received the testing at an earlier date." Maj. Op. at 9. However, the entirety of the record must

be considered and reasonably evaluated based on sound medical opinion.  It is incorrect for the VA to automatically resolve any gap in evaluation against Mr. Robinson; this court has observed that a condition may have existed before it was verified.  *See Collins v. Shinseki*, 310 F. App'x 393, 395 (Fed. Cir. 2009) ("it may be logical to assume that the date of an injury precedes the date it is verified by a physician").

Mr. Robinson states that if the VA is authorized to measure disability only from the date of a specific test, despite sound evidence that the disability existed, then the VA must conduct the test in a timely manner.  Reply Br. at 2–3.  The Secretary does not argue that the 14 months' delay is reasonable; the Secretary's only response is that Mr. Robinson could have gone to a private physician for the test.  Secretary Br. at 20 ("Mr. Robinson was at liberty to obtain documentation of the status of his condition on his own prior to April 2007 . . . .")  The record does not show that Mr. Robinson was so advised when the VA cardiologist ordered the VA to conduct the test.

38 U.S.C. § 5110 requires that the earliest ascertainable effective date must be applied.  The Veterans Court has recently so recognized.  *See Cary v. Shulkin*, No. 16-3181, 2017 WL 5496167, at *6 (Vet. App. Nov. 16, 2017):

> After concluding that Mr. Cary had sufficient symptoms to warrant the 70 percent rating as of June 17, 2011, the Board failed to take the next, necessary, step to examine the record to determine whether the increase in symptomology was "ascertainable" before this.

It is error to mechanically limit the effective date for a disability rating to the date of performance of a specific test related to that disability.  *See id*.; *see also Blanchard v. McDonald*, No. 15-4290, 2016 WL 7473954, at *2 (Vet. App. Dec. 29, 2016) (observing that a retrospective medical opinion may be necessary and helpful); *Thomas v.*

*McDonald*, No. 15-3619, 2016 WL 6273232, at \*3 (Vet. App. Oct. 27, 2016); *Pludeman v. McDonald*, No. 13-2408, 2015 WL 369963, at \*4 (Vet. App. Jan. 28, 2015).

Mr. Robinson's situation is not of the unknown existence of a disability until basic diagnostic tests were conducted. His coronary illness had been manifested for years; the only new event was the regulatory presumption of service-connection based on herbicide exposure. With presumptive service connection, and clear manifestation of coronary illness, it is incorrect to ignore the entirety of the medical record, and limit the effective date of compensation to the date a specific symptom was measured. *See Thomas*, 2016 WL 6273232, at \*3 (a retrospective medical opinion may be helpful).

To the extent that 38 C.F.R. §§ 3.400(o)(2) and 4.104 are applied to negate the statutory purpose, they are invalid. "The VA is charged with the responsibility of assisting veterans in developing evidence that supports their claims, and in evaluating that evidence, the VA must give the veteran the benefit of any doubt." *Henderson v. Shinseki*, 562 U.S. 428, 440 (2011). Although my colleagues do state concern with this unreasonable delay, Maj. Op. at 9, they place the consequences of delay on the Veteran. The Secretary offers no explanation or excuse for the delay. Contrary to the VA's obligation to assist veterans, and to give veterans the benefit of the doubt, Mr. Robinson received neither.

"The government's interest in veterans cases is not that it shall win, but rather that justice shall be done, that all veterans so entitled receive the benefits due to them." *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006). This principle is here contravened, for there is no fault attributed to Mr. Robinson. The statute and regulations have been incorrectly construed to tie disability compensation to the date a test is performed, no

matter what other evidence exists.  From my colleagues' endorsement of this flawed ruling, I respectfully dissent.